AUGUST H. RIVIERE et al., appellants,

*v.*

AMZI BERLA, respondent.

[Decided October 11th, 1918.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lane, who filed the following opinion:

The complainant and defendant were holders each of one-half of the capital stock of the corporation known as the Berla-Riviere Company. In March, 1916, the corporation was dissolved by mutual consent. The negotiations leading to the dissolution commenced in December, 1915, and culminated on the 26th day

of April, 1916, by a sale from the complainant to the defendant of his stock in the concern for the sum of $17,000. The A. H. Riviere Company, one of the complainants, was incorporated on the 17th day of April, 1916, and took over the business of the Berla-Riviere Company and has been continuing business since. Five thousand dollars of the consideration has been paid; the balance is represented by $12,000 in notes made by the A. H. Riviere Company to August H. Riviere, and by him endorsed to the defendant, Amzi Berla. These notes are secured by a mortgage given by the A. H. Riviere Company. The negotiation proceeded upon the assumption that a report made by an auditor as to the assets of the concern and the profit during the year 1915 was correct. There is no question but that this report was incorrect in two particulars, with respect to merchandise on hand and as to the profit for the year 1915. The inventory was made by the complainant A. H. Riviere. He personally compiled his figures on an adding machine, and in so doing made a mistake of $10,000. Instead of there being on hand merchandise to the extent of $14,783.04, there was really on hand, according to his inventory, but $4,783.04. The figures of Riviere were taken as correct by the auditor, with the result that the profit shown for the year 1915 was $12,670.48; whereas, in fact, if the inventory prices were correct, there was but a profit of $2,670.48.

I have found as a fact that in the negotiations both sides labored under a mutual mistake. If there was any negligence, it was the negligence of the complainant Riviere, for he took the inventory and compiled the figures. There is not sufficient evidence for me to find that the defendant, Berla, knew of the existence of the mistake. The testimony is to the effect that he was surprised at the amount of the inventory and drew the attention of Riviere to that fact and that Riviere said that the explanation was that they had been stocking up. I would have no hesitancy, if the contract had not been executed, in setting it aside on the ground of mutual mistake, or, if executed, and the parties could be put in *status quo* in directing a restoration of the *status quo ante*. The difficulty is that the contract has been executed. There is not sufficient evidence for me to hold that, if this mutual mistake had not been made, and the real condition of the com-

pany disclosed, Berla would have sold his interest for $5,000 less than he did. Rather than take $12,000 he might have considered it advisable to retain his stock. Even if his real purpose was to sell his interest for an amount representing one-half the value of the assets of the concern, if the inventory had disclosed only the existence of merchandise worth $4,783.04, he might have insisted upon a new inventory by an impartial person and it might have appeared that the merchandise was worth considerably more than $4,783.04. To now deprive the defendant of the $5,000 that the complainant seeks to deprive him of would be to make a contract between the parties which one of the parties may never have had in contemplation. This the court, under well-settled principles, cannot do.

I reach this conclusion with regret. The defendant is, unquestionably, unconscionably enriched at the expense of the complainant, but to what extent it is impossible for me to determine. I have examined the cases cited by counsel for the complainant and find that in each of them there is some feature distinguishing it from the case at bar.

The result is that the bill of complaint will have to be dismissed but without costs.

*Messrs. McCarter & English,* for the appellants.

*Mr. William Harris,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Lane.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—11.

*For reversal*—None.